Jonathan Cohen
12975 Harwick Lane
San Diego, CA 92130
(858) 342-6950
jonathan@jonathancohen.net

FILED
May 18 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ melindajwilliams   DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | Case No.: **'23 CV0913 WQHJLB**<br><br>COMPLAINT |

1

# INTRODUCTION

Plaintiff is exploring military and aviation issues, including law and regulations.

Plaintiff has submitted multiple requests to obtain information from the Federal Aviation Administration (FAA) and military agencies. This action concerns one request for environmental documents from the FAA.

Plaintiff has included a request for relief below. If the issues cannot be resolved with a friendly conference, Plaintiff will request a court order for the agency to proceed with the request as required.

# JURISDICTION

1. This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question). This action arises under 5 U.S.C. § 552.

2. In addition, a district court shall not have jurisdiction of a civil action in which any party has been improperly or collusively made or joined to invoke the jurisdiction of such court. *See* 28 U.S.C. § 1359.

3. In a civil action under 5 U.S.C. § 552, this court may "enjoin the agency from withholding agency records" and "order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B).

4. In a civil action under 5 U.S.C. § 552, the court shall determine the matter de novo and the burden is on the agency to sustain its action. *See* 5 U.S.C. § 552(a)(4)(B).

## VENUE

5.  Rules for the place of trial are published at Title 28, United States Code, section 1391. Venue is proper in the Southern District of California because Defendant is a federal agency, Plaintiff resides in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(e).

## COURT RULES

6.  Court rules for pleading in a civil action are published in the Federal Rules of Civil Procedure.[1] Additional court rules are available in this court's Local Rules.[2] Court rules for legal citations are published under Local Rule 5.1.[3]

## CONDUCT

7.  The California Rules of Professional Conduct, for lawyers, are available on the State Bar of California website.[4] This court's Local Rules include a Code of Conduct with additional rules on professionalism.[5] The oath and duties of a California attorney are stated in the California Business and Professions Code.[6] The Code of Conduct for United States Judges is available on the U.S. Courts website.[7]

---

[1] *See, e.g.*, Fed. R. Civ. P. 8.
[2] CivLR 5.1.
[3] CivLR 5.1(l).
[4] Rules of Pro. Conduct (Sup. Ct. of Cal. approved 2018).
[5] CivLR 2.1.
[6] Cal. Bus. & Prof. Code §§ 6067, 6068.
[7] Code of Conduct for U.S. Judges (Jud. Conf. of the U.S. 2019).

## SERVICE

8. Service will be proper if Plaintiff sends a copy of the summons and complaint by certified mail to the U.S. Attorney General, the Civil Division at the Office of the U.S. Attorney for the Southern District of California, and the FAA National Freedom of Information Act Office (AFN-400).[8] Sending the papers to AFN-400 is proper even though multiple FAA offices were involved with the challenged action.

## PARTIES

9. Plaintiff Jonathan Cohen resides in Carmel Valley, San Diego. Plaintiff is exploring military and aviation issues, including law and regulations. Plaintiff has submitted multiple requests to obtain information from government agencies.

10. The Federal Aviation Administration (FAA) is an administration in the Department of Transportation. The FAA website provides that it is the administration's "continuing mission to provide the safest, most efficient aerospace system in the world." Laws pertaining to the FAA are codified in the United States Code at Title 49. *See, e.g.*, 49 U.S.C. § 106. Regulations pertaining to the FAA are codified in the Code of Federal Regulations at Title 14. FAA orders and guidance documents are available on the administration website.

11. FOIA functions are delegated to offices throughout the FAA. For example, Plaintiff sent two of the request letters to the FAA National Freedom of Information Act Office, AFN-400 (Washington, DC). Plaintiff sent one of the request letters and email correspondence to the FAA Air Traffic Organization – Western Service Center, Management and Administrative Support Team (AJV-W640) (Des Moines, WA). Under

---

[8] *See* Fed. R. Civ. P. 4(i).

the Federal Rules of Civil Procedure, Rule 17(d), the court may order the name of a Defendant officer to be added to the case.[9]

# FACTS
## Plaintiff has submitted three requests for the documents.
## Two of the letters are missing.

12.    On August 25, 2022, Plaintiff submitted a request for information to the Federal Aviation Administration, National Freedom of Information Act Office (AFN-400) via U.S. Postal Service First-Class Mail.

13.    On September 27, 2022, Plaintiff received an email from the FAA Air Traffic Organization – Western Service Center, Management and Administrative Support Team (AJV-W640). The request had been assigned tracking number 2022-10303. AJV-W640 requested additional information to clarify the request.

14.    On October 3, 2022, Plaintiff submitted a second letter to the FAA ATO Western Service Center (AJV-W640) via U.S. Postal Service First-Class Mail. The letter restated the request and provided additional information as requested.

15.    On October 26, 2022, Plaintiff received another email from AJV-W640. The email stated that the request had been canceled because the agency did not receive the second letter within the specified timeframe.

---

[9] *See* Fed. R. Civ. P. 17(d).

16. On October 28, 2022, Plaintiff submitted a third request for the information to the Federal Aviation Administration, National Freedom of Information Act Office (AFN-400) via U.S. Postal Service First-Class Mail.

17. If the agency received the letter, the 20-day time limit of 5 U.S.C. § 5(a)(6)(A)(i) elapsed around December 12, 2022.

18. On April 14, 2023, Plaintiff called the FAA FOIA Public Liaison and left a voicemail.

19. On April 20, 2023, Plaintiff called the FAA FOIA Public Liaison and left a voicemail.

20. On April 20, 2023, Plaintiff received a phone call from an FAA FOIA Management Specialist. The FAA FOIA Management Specialist stated that two of the request letters had not been added to the FAA FOIA National Tracking System.

## LEGAL ALLEGATIONS

21. Public Law 89-554 became law in 1966. The law was codified at 5 U.S.C. §§ 501–576. The law established a framework for federal administrative procedure.[10] The law included provisions related to Definitions (5 U.S.C. § 551), access to government information (5 U.S.C. § 552), Rule making (5 U.S.C. § 553), Adjudications (5 U.S.C. § 554), Hearings (5 U.S.C. § 556), Judicial review (5 U.S.C. §§ 701–706), and other subjects.

22. Under 5 U.S.C. § 552, agencies of the federal government are required to provide certain government information to the public. Some categories of information should be disclosed automatically, and some categories of information should be disclosed in response to a request. *See generally* 5 U.S.C. § 552(a)(1), (a)(2), (a)(3). Some information is exempt from disclosure. *See* 5 U.S.C. § 552(b)–(c).

23. 5 U.S.C. § 552 is often referred to as the Freedom of Information Act even though Public Law 89-554 did not use the term FOIA.

24. In the Electronic Freedom of Information Act Amendments of 1996, Congressional findings stated that it is the purpose of 5 U.S.C. § 552 to require agencies of the Federal Government to make certain agency information available for public inspection and copying and to establish and enable enforcement of the right of any person

---

[10] *See* AN ACT To enact title 5, United States Code, "Government Organization and Employees", codifying the general and permanent laws relating to the organization of the Government of the United States and to its civilian officers and employees., Pub. L. No. 89-554, 80 Stat. 378 (Sept. 6, 1966).

to obtain access to records of such agencies, subject to statutory exemptions, for any public or private purpose.[11]

25. In the OPEN Government Act of 2007, Congress found that the Freedom of Information Act establishes a strong presumption in favor of disclosure, which Congress characterized as a fundamental "right to know".[12]

26. Under 5 U.S.C. § 552(a)(6)(A), an agency typically has 20 days to respond after it receives a request.

27. However, 5 U.S.C. § 552 does not indicate which party has the burden of proving that a request letter was sent or delivered through the mail. 5 U.S.C. § 552 contrasts with the Federal Tort Claims Act, 28 U.S.C. § 2680(b), on the issue of lost and missing mail. The FTCA provides an exception for tort claims arising out of lost or missing mail. *See generally* 28 U.S.C. § 2680(b).

28. 5 U.S.C. § 552 does not provide any express affirmative defenses for an agency that does not respond to an appeal on a timely basis. However, if Defendant received the missing letters, Defendant may have a reasonable justification for the delay.

---

[11] *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, 110 Stat. 3048, 3048 (Oct. 2, 1996).
[12] *See* OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, 2524–2525 (Dec. 31, 2007).

## CAUSE OF ACTION

29. Under 5 U.S.C. § 552, there is a cause of action or remedy to obtain from the court an order for production of requested records that have been improperly withheld.

## REQUEST FOR RELIEF

A. Plaintiff will request a friendly conference with the Defendant's counsel to determine what has happened to the missing letters and if the agency has constructively denied the requests. Plaintiff will agree to a friendly conference, mediation, or a consent judgment.

B. If the parties cannot resolve the issues, Plaintiff intends to ask the court for the injunctive relief available under 5 U.S.C. § 552. Plaintiff would request a court order for the agency to respond to the request.

C. If Plaintiff prevails, Plaintiff will request costs and fees.

Respectfully submitted,

Jonathan Cohen

May 18, 2023